UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No. 3:23-cv-293-MMH-PDB

HELEN DIANE MATZ,

    Plaintiff,

vs.

EARLONDEZ DONTA BOND and
MCCORMICK TRUCKING, INC.,

    Defendants.
_____/

## MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT EARLONDEZ DONTA BOND

Plaintiff, HELEN MATZ, moves the court pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure, and Local Rule 1.10, to enter a Default Judgment in favor of Plaintiff, HELEN MATZ, and against Defendant, EARLONDEZ DONTA BOND (hereinafter "Defendant Bond"), for failure to answer or otherwise defend this lawsuit.  In support of this motion, the Plaintiff would show:

1. This lawsuit stems from a motor vehicle collision occurring on March 14, 2022, in Columbia County, Florida.  The Plaintiff has alleged that on that date, Defendant Bond was driving a semi-truck in the course and scope of his employment/agency for Co-Defendant McCormick Trucking, Inc., when he

negligently operated said semi-truck so as to cause a collision, injuring Plaintiff and causing damages and losses. (See Doc 28, Amended Complaint).

2. This court previously granted leave to serve Defendant Bond through Florida's substitute service statute because Defendant Bond appeared to be concealing his whereabouts or was otherwise evading service of process (See Doc 27).

3. Service on Defendant Bond was accomplished through Florida's substitute service statute and an Affidavit of Compliance was filed with this Court. (See Doc. 32).

4. A Motion for Clerk's Default was filed on October 2, 2023 (See Doc. 34) and a Default was entered by the Clerk on October 4, 2023 (See Doc. 38).

5. Unrelatedly, on October 5, 2023, the Court granted the Parties' Joint Motion to Extend Deadlines (Doc. 37 for Motion, Doc. 39 for Order).

6. On November 17, 2023, this Court ordered Plaintiff to show cause why Defendant Bond should not be dismissed from the lawsuit for Plaintiff's failing to apply for a Rule 55 Default Judgment. (See Doc. 42). The Plaintiff filed her response on December 4, 2023 (See Doc. 44).

7. The Court has not yet acted on this issue, and in the abundance of caution, Plaintiff is filing this Motion for a Rule 55 Default Judgment to preserve her claim against Defendant Bond.

8. Because the Plaintiff has requested a jury trial and her damages are unliquidated, a jury must assess and award the damages requested by Plaintiff.

9. Plaintiff would further show that Defendant Bond is not in the military and is over the age of eighteen.

WHEREFORE Plaintiff respectfully requests a Rule 55 Default Judgment be entered against Defendant Bond and a hearing pursuant to Rule 55(b)(2)(B) to determine the amount of damages.

## MEMORANDUM OF LAW

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). *Cohan v. Sparkle Two, LLC*, 309 F.R.D. 665, 666 (M.D. Fla. 2015); *see also Directv, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003). The effect of the entry of a default is that all factual allegations in the complaint are taken as true, save for the amount of unspecified damages. *Cohan*, 309 F.R.D. at 666 (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). "[I]f liability is well-pled in the complaint, it is established by the entry of a default." *Id.*

As for damages, Rule 55(b) (2)(B), F.R.Civ.P., sets forth the procedure in assessing damages following the entry of a default. It provides, in pertinent part, that "[t]he court may conduct hearings or make referrals-preserving any federal statutory

right to a jury trial-when, to enter or effectuate judgment, it needs to ... determine the amount of damages...."

The provision that "preserv[es] any federal statutory right to a jury trial" has been construed by many courts to mean a statute that specifies a right to a jury trial following entry of default. *See e.g., Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1414 & n. 7 (9th Cir.1990), *cert. denied,* 498 U.S. 1109, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991) (a party has no right to jury trial on its copyright infringement claim pursuant to Fed.R.Civ.P. 55(b)(2) or the Seventh Amendment); *Benz v. Skiba, Skiba & Glomski,* 164 F.R.D. 115, 115-16 (D.Me.1995) (although Title VII includes a right to jury trial, when liability is established by default, there is no entitlement to a jury trial on damages because Rule 55's provision that preserves a federal statutory right to a jury trial "pertains to statutes requiring jury trials specifically after default has occurred"); *Meyers v. Lakeland Supply, Inc.,* 133 F.Supp.2d 1118 (E.D.Wis.2001) (although the ADEA affords a plaintiff a jury trial, that statute does not provide plaintiffs with a jury trial on damages following a default).  <u>Coton v. Televised Visual X-Ography, Inc.</u>, 8:07-CV-1332-T-TGW, 2010 WL 813345, at *2 (M.D. Fla. Mar. 9, 2010).  The current case law in this district is that there is no statutory right to a jury trial for a default entered pursuant to Rule 55.  See e.g. <u>Lombard v. Another S. Holding Co., LLC</u>, 617CV1952ORL31DCI, 2019 WL 1117035, at *1 (M.D. Fla. Mar. 11, 2019)

4

(noting no authority which preserves a right to a jury trial in a Rule 55 default judgment). The Plaintiff would need approximately 6 hours of hearing time to present evidence of damages to the court if the Court grants this motion and needs an evidentiary basis to award damages.

As noted in her response to the Order to show cause on this issue (See Doc. 43), the Plaintiff acknowledges that District courts in the Eleventh Circuit have declined to enter early default judgment against a defendant if another defendant has appeared to defend the action and there is a risk of inconsistent judgments. *See, e.g., Peace v. Rock*, 4:18-cv-00041-ACA, 2019 WL 1696757, at *2 (N.D. Ala. Apr. 17, 2019) (unpublished) (involving claims for negligence and underinsured-motorist benefits related to a car accident); *Watermark Constr., L.P. v. Southern-Owners Ins. Co.*, No. 6:17-cv-1814-Orl-40TBS, 2018 WL 1305913, at *7 (M.D. Fla. Mar. 13, 2018) (unpublished) (involving claims for declaratory judgment and reformation related to insurance coverage); *Suntrust Equip. Fin. & Leasing Corp. v. BlueChip Power, LLC*, No. 6:13-CV-657-ORL-41KR, 2014 WL 5038491, at *7 (M.D. Fla. Sept. 30, 2014) (unpublished) (involving claims for breach of contract and, derivatively, breach of guaranty); *Simmons v. Goodsitt*, No. 6:09-cv-1758-Orl-31KRS, 2009 WL 10706208, at *1 (M.D. Fla. Fla. Dec. 28, 2009) (unpublished) (involving claims for negligent misrepresentation and fraud, among other claims, regarding unlawful distribution and use of music and pictures).

In our instant case, the Co-Defendant, McCormick Trucking, Inc., has responded to the lawsuit and is actively defending. Moreover, if the allegations of the Amended Complaint are true, Defendant McCormick Trucking, Inc. would be vicariously liable for any judgment entered against Defendant Bond and such a result could result in inconsistent judgments in the case.

However, Plaintiff has filed this motion in the abundance of caution considering the pending Order to show cause (See Doc. 42) and in the event this Court disagrees with Plaintiff's interpretation of the current law regarding entering default judgments against one defendant in a multi-defendant case based on various liability of the defaulting party (i.e. in this case Defendant Bond.)

Respectfully submitted this 10th day of January, 2024.

*/s/ Jeffrey J. Humphries*

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
MORGAN & MORGAN, P.A.
501 Riverside Avenue, Suite 1200
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone: (904) 398-2722
Facsimile: (904) 366-7677
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, this 10th day of January, 2024, which will send a notice of electronic filing to the following: L. Johnson Sarber, III, Esquire and Meghan K. Bradley, Esquire, CARR ALLISON, The Greenleaf and Crosby Building, 208 North Laura Street, Suite 1100, Jacksonville, Florida 32202, jsarber@carrallison.com; mbradley@carrallison.com; asparks@carrallison.com; and lmurphy@carrallison.com, Counsel for Defendant, McCormick Trucking, Inc., as well as sending this motion via certified mail and regular US mail to Earlondez Donta Bond, 142 Meadowview Drive, Macon, GA 31217, which is the current registered address of Defendant Bond according to the Georgia DMV.

*/s/ Jeffrey J. Humphries*

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
MORGAN & MORGAN, P.A.