United States District Court
Middle District of Florida
Jacksonville Division

**HELEN DIANE MATZ,**

    *Plaintiff,*

v.                                          NO. 3:23-cv-293-MMH-PDB

**MCCORMICK TRUCKING, INC.,**
**& EARLONDEZ DONTA BOND,**

    *Defendants.*

## Report & Recommendation

Before the Court is plaintiff Helen Matz's motion for default judgment against defendant Earlondez Bond. Doc. 46.

According to Matz, while Bond was driving for defendant McCormick Trucking, Inc., in a tractor owned by McCormick Trucking, he collided with her vehicle, causing her injuries. Doc. 28 ¶¶ 6–8. Matz brings a negligence claim against Bond, Doc. 28 ¶¶ 9–12, and, based on vicarious liability, a negligence claim against McCormick Trucking, Doc. 28 ¶¶ 13–20. Matz demands damages against Bond and McCormick Trucking. Doc. 28 at 5.

McCormick Trucking answered the complaint, denying that Bond had been negligent but admitting that Bond had been operating the tractor in the course and scope of his employment with McCormick Trucking, that McCormick Trucking owns the tractor, and that McCormick Trucking is

vicariously liable for any negligence Bond committed as an employee. Doc. 31 ¶¶ 7, 14–17. McCormick Trucking raises ten defenses, including that recovery should be barred or reduced because Matz was the sole, proximate, or contributing cause of any negligence and that she has failed to mitigate her damages. Doc. 31 ¶¶ 22–23.

The clerk entered default against Bond on October 4, 2023. Doc. 38. Under Local Rule 1.10, by November 8, 2023, Matz had to either apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment. Matz failed to do so. This Court therefore ordered Matz to show cause why the claim against Bond should not be dismissed for failure to prosecute. Doc. 42.

Matz responded that default judgment would be premature because unresolved issues remain and entering default judgment against Bond now could result in inconsistent judgments. Doc. 43 ¶¶ 6, 9. Matz identified as unresolved issues establishing Bond's negligence and establishing damages caused by Bond's negligence. Doc. 43 ¶ 8. Matz failed to explain why she failed to timely apply for default judgment or file a paper identifying the unresolved issues. *See generally* Doc. 43. The order to show cause remains outstanding.

Matz later filed the current motion for default judgment "in an abundance of caution … to preserve her claim against … Bond." Doc. 46 at 2.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "If the plaintiff's claim is [not] for a sum certain or a sum that can be made certain by computation … the party must apply to the court for a default judgment."

Fed. R. Civ. P. 55(b). "When … multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

"The entry of a default judgment is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). "Where multiple defendants are jointly liable, it would be 'incongruous' for judgment to be entered against a defaulting defendant prior to the decision on the merits as to the remaining defendants." *Drill S., Inc. v. Int'l Fidelity Ins. Co.*, 234 F.3d 1232, 1237 n.8 (11th Cir. 2000). "[W]hen defendants are similarly situated … judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

District courts in the Eleventh Circuit have declined to enter default judgment against a defendant if another defendant has appeared to defend the action and there is a risk of inconsistent judgments. *See, e.g.*, *McGriff v. Stevens*, No. 3:21-cv-778-MMH-MCR, 2022 WL 1693760, at *1 (M.D. Fla. May 10, 2022) (involving tort claims and claims of vicarious liability), *report & recommendation adopted by* 2022 WL 1689080, at *1 (M.D. Fla. May 26, 2022).

Here, McCormick Trucking is vicariously liable only if Bond was negligent. Considering joint liability and the risk of inconsistent judgments, the undersigned **recommends** denying the motion for default judgment, Doc.

46, without prejudice to filing a renewed motion within 14 days after the claim against McCormick Trucking is decided.*

**Entered** in Jacksonville, Florida, on February 2, 2024.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:	The Honorable Marcia Morales Howard

---

*"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings or recommendations … in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.